Were it not for the word "effectual" in the statute I might possibly concur with the Circuit Judge. But it seems very unreasonable that a man should not be permitted to set fire to his own woods to preserve his own property from destruction unless he should take effectual means to extinguish the fire; his best exertions will not do. If such were the law the right of property would not be worth possessing. In such a case it would seem enough for him to repair the actual damages sustained by him who may have been injured; and if the present plaintiff is of that class let him bring his action for that purpose.
As the defendant is not within the penalty of the law, the firing being from necessity, he need not show that he took effectualor any care to extinguish the fire, for the last would be unavailing if he were within the penalty. There is good reason that the endeavors should be effectual in case of a voluntary firing, for as that is a thing of his own choice, in which he may select his own time, it is not unreasonable to compel a man to see that the means which he provides to extinguish the fire be sufficient for that purpose. That it was a voluntary firing which the Legislature intended to prohibit under a penalty I think is quite evident from the provision that notice should be given. (64) To prohibit a man from doing what he is strongly impelled to do by his very nature is not to be inferred from anything short of plain and evident words; and even if the words would well bear that meaning and another sensible construction can be given the latter shall be preferred as the true one. I think, therefore, that the court erred in instructing the jury that the defendant incurred the penalty, because he did not prove that he took effectual means to extinguish the fire. In this case it was not necessary that he should take any means, and I am of opinion that the rule for a new trial must be made absolute. Rule made absolute.
Cited: Lamb v. Sloan, 94 N.C. 537. *Page 39